IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **IN RE: RICHARD WINN** | : | **CIVIL ACTION NO. 10-2010** |
| | : | |

### ORDER

**AND NOW,** this 21st day of June 2012, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Doc. No. 1), the Response thereto (Doc. Nos. 10, 11), Petitioner's Memorandum in Support of his Petition (Doc. No. 15), and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge L. Felipe Restrepo dated May 31, 2012 (Doc. No. 16), to which no objections were filed, it is hereby **ORDERED** that:

1. The R&R is **APPROVED and ADOPTED**;

2. The Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**;[1] and

3. There is no probable cause to issue a certificate of appealability.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**

---

[1] Petitioner Richard Winn was convicted in the Philadelphia Court of Common Pleas of indecent assault and corruption of minors, and was sentence to five years probation on each charge to be served concurrently. The five-year probationary sentence expired on January 9, 2009. The instant habeas petition was filed over 15 months later, on April 30, 2010. In the Report and Recommendation, Judge Restrepo found that Petitioner failed to satisfy the "in custody" requirement of 28 U.S.C. § 2254 and recommended that the Petition be dismissed without an evidentiary hearing. This Court agrees with his conclusion.

As Judge Restrepo noted: "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989) (internal quotation marks and citation omitted). This language requires that a petitioner be "in custody" under the conviction or sentence under attack at the time the habeas petition is filed. While a probationary sentence in effect at the time the petition is filed satisfies the "in custody" requirement, Barry v. Brower, 864 F.2d 294, 296 (3d Cir. 1988), here, Petitioner's probationary term expired 15 months before he filed his Petition. Thus, the Petition fails to satisfy the "in custody" requirement of the habeas statute. This conclusion is not altered by the fact that Petitioner has a continuing obligation to register as a sex offender. See, e.g., Bankoff v. Pennsylvania, No. 09-2042, 2010 WL 396096, at *4-5 (E.D. Pa. Feb. 2, 2010).